## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | **Criminal Action No.** |
| **FREDINE JEAN-BAPTISTE,** | ) ) | **06-40005-FDS** |
| Defendant. | ) ) ) | |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO REVISE SENTENCE

**SAYLOR, J.**

Defendant Fredine Jean-Baptiste has filed a motion under 28 U.S.C. § 2255 to revise the June 14, 2006 criminal sentence imposed upon her by this court. For the following reasons, the motion will be denied.

### I. Statement of the Facts

Jean-Baptiste pleaded guilty in this court to one charge of conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846. Prior to sentencing, she entered into a plea agreement with the United States whereby she waived her right to challenge her sentence. On June 14, 2006, she was sentenced to a 33-month term of imprisonment (and four years of supervised release upon completion of her term). She began serving her sentence on August 18, 2006, and remains incarcerated. On October 17, 2007, she filed the present motion.

### II. Analysis

Defendant sets forth two grounds in support of revision of her sentence: that she has suffered a negative change in family circumstances and the federal sentencing guidelines as to crack cocaine offenses have been amended effective November 1, 2007.

Under 28 U.S.C. § 2255, a petition may obtain post-conviction relief if the sentence (1) was imposed in violation of the Constitution, (2) was imposed by a court that lacked jurisdiction, (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack. *Moreno-Morales v. United States,* 334 F.3d 140, 148 (1st Cir. 2003) (quoting *David v. United States,* 134 F.3d 470, 474 (1st Cir. 1998)). The final category includes "only assignments of error that reveal fundamental defects which, if uncorrected, will result in a complete miscarriage of justice, or irregularities that are inconsistent with the rudimentary demands of fair procedure." *David,* 134 F.3d at 474.

Defendant does not make a constitutional or jurisdictional challenge, and the sentence in this case (33 months) does not exceed the 20-year statutory maximum. Her family circumstances, while unfortunate, do not rise to the level of a fundamental defect. S*ee, e.g., Charles v. U.S.,* 2003 WL 21184022 *1, *4 (D. Mass. 2003) (§ 2255 sentence revision not warranted for single mother of two small children); *Mymy Tran v. U.S.,* 2006 WL 1720172 *1, *3-4 (D. Me. 2006) (deteriorating post-sentence family circumstances not cognizable under § 2255). Furthermore, as noted, she waived her right to challenge the sentence in the plea agreement.

It is true that the base offense levels for cocaine base sentencing were lowered effective November 1, 2007, and that the Sentencing Commission recently voted to make that amendment retroactive, effective March 3, 2008. However, it is not obvious how that change would affect the sentence imposed in this case. Defendant's sentence, due to her extraordinary cooperation, was 33 months. The guideline range (because defendant qualified for the "safety valve" under § 5C1.2) was 87 to 108 months, based on an adjusted offense level of 29. Even if the adjusted

offense level were lowered to 27, resulting in a guideline range of 70 to 87 months, defendant's sentence was still considerably below that range. Thus, even if the amendments are retroactive, the lowered base offense level would not appear to affect the length of the sentence.

### III.  Conclusion

For the foregoing reasons, defendant's motion to revise sentence is DENIED.

**So Ordered.**

                                                              /s/ Dennis Saylor IV
                                                              F. Dennis Saylor IV
                                                              United States District Judge

Dated: December 14, 2007